**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Frank Winfield Anderson, | ) | No. CV-06-2304-PHX-CKJ |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Dora Schriro, Director, Arizona Department of Corrections, | ) | |
| Respondent. | ) | |
| | ) | |

Frank Winfield Anderson (Petitioner) is an Arizona prisoner under sentence of death. On September 27, 2006, Petitioner filed, *pro se*, a Petition for Writ of Habeas Corpus, an Application for Appointment of Federal Habeas Counsel, and a Motion for Stay and Abeyance of Habeas Corpus Proceedings.

Petitioner's motions assert that the Arizona Supreme Court affirmed his convictions and sentences on direct appeal in May 2005, and that the United States Supreme Court denied certiorari on October 3, 2005. (Dkt. 3 at 2; Dkt. 4 at 2.) The motions further state that the Arizona Supreme Court issued its mandate on October 25, 2005. (Dkt. 3 at 2; Dkt. 4 at 2.) Under Rule 32.4 of the Arizona Rules of Criminal Procedure, the Clerk of the Arizona Supreme Court is required to "expeditiously" file a Notice of Post-Conviction Relief (PCR) with the trial court upon the issuance of a mandate affirming the defendant's conviction and sentence on direct appeal. Ariz. R. Crim. P. 32.4(a). Rule 32.4(c)(1) provides that counsel

1   shall be appointed for a capital PCR petitioner "[a]fter the [Arizona] Supreme Court has

2   affirmed a defendant's conviction and sentence."  Ariz. R. Crim. P. 32.4(c)(1).  Petitioner

3   asserts that the Arizona Supreme Court has failed to comply with either of these rules and

4   that his one-year habeas statute of limitations under 28 U.S.C. § 2254(d) is set to expire.

5   (Dkt. 3 at 2; Dkt. 4 at 2-3.)  For this reason, he has filed an admittedly incomplete petition

6   (Dkt. 4 at 3) and requests that his case be held in abeyance pending the appointment of state

7   PCR counsel and completion of state PCR proceedings (Dkt. 3 at 5).  Petitioner also requests

8   the appointment of federal habeas counsel to conduct investigation and file an amended

9   habeas petition.  (Dkt. 4 at 3.)

10  **I.      Statute of Limitations**

11          The federal habeas one-year statute of limitations generally commences on "the date

12  on which the judgment became final by the conclusion of direct review or the expiration of

13  the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  In *Clay v. United States*, 537

14  U.S. 522, 527, 531 (2003), the Supreme Court noted that finality for purposes of

15  § 2244(d)(1)(A) is determined by reference to a uniform federal rule – either when the Court

16  denies a petition for certiorari or issues a decision on the merits or when the time for seeking

17  certiorari expires.  A petitioner is entitled to tolling of the limitations period during the

18  pendency of "a properly filed application for State post-conviction or other collateral

19  review."  28 U.S.C. § 2244(d)(2).  In Arizona, a Notice of PCR is the triggering event for

20  post-conviction review, and tolling under § 2244(d)(2) commences when it is filed.  *See Isley*

21  *v. Arizona Dep't of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004).

22          Applying these standards, Petitioner's one-year period began to run on October 4,

23  2005, the day after his petition for certiorari was denied.  *See Patterson v. Stewart,* 251 F.3d

24  1243, 1245-46 (9th Cir. 2001).  However, because the Arizona Supreme Court has yet to file

25  the automatic Notice of PCR in Petitioner's case, his limitations period has not been

26  statutorily tolled and the one-year statute of limitations appears to have expired on October

27  4, 2006, one week after he initiated these proceedings.

28  **II.     Appointment of Counsel**

Petitioner moves for appointment of counsel under 18 U.S.C. § 3599 (formerly 21 U.S.C. § 848(q)(4)(B)) and *McFarland v. Scott*, 512 U.S. 849 (1994).  In relevant part, § 3599 provides:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys . . . .

18 U.S.C. § 3599(a)(2).  In *McFarland*, the Court construed this statutory right to counsel to include the right to legal assistance prior to the filing of a formal habeas corpus petition and concluded that "a 'post conviction proceeding' is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding."  512 U.S. at 856-57.  However, neither the statute nor *McFarland* address the issue presented here: Whether the right to counsel under § 3599(a)(2) attaches before a prisoner has completed his first petition for state post-conviction relief. This Court concludes that it does not.

An application for habeas corpus relief may not be granted unless it appears that all remedies in state court have been exhausted.  28 U.S.C. § 2254.  This requirement is premised on the doctrine of comity, which provides that state courts should have the first opportunity to decide a petitioner's claims.  *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (reaffirming the Supreme Court's "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court") (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

Petitioner does not assert that he is excused from the exhaustion requirement; rather, he states plainly that he intends to pursue state post-conviction relief, but is unable to do so until the Arizona Supreme Court initiates the PCR process and appoints PCR counsel. Assuming such counsel is eventually appointed and a state PCR petition filed, it is possible Petitioner will win relief on his claims in state court, thereby mooting any basis for federal habeas relief.  Consequently, it is premature to authorize federal resources to prepare an amended petition that may not be necessary.

1    Justice Blackmun, who authored the majority opinion in *McFarland v. Scott*,
2    recognized that the right to counsel under former § 848(q) generally attaches only after state
3    remedies have been exhausted.  In a dissent from the Court's order denying certiorari in a
4    separate petition filed by McFarland, the justice wrote: "The right to qualified legal counsel
5    in federal habeas corpus proceedings bestowed by § 848(q)(4)(B) is triggered only after a
6    capital defendant has completed his direct review and, generally, *some form of state*
7    *postconviction proceeding*."  *McFarland v. Scott*, 512 U.S. 1256, 1263 (1994) (Blackmun,
8    J., dissenting) (emphasis added); *see also Death Row Prisoners of Pennsylvania v. Ridge*,
9    948 F. Supp. 1278, 1281 (E.D. Pa. 1996) (denying appointment of counsel after determining
10   that statutory right to counsel triggered only upon exhaustion of state court remedies);
11   *Moseley v. Freeman*, 977 F. Supp. 733, 734 (M.D. N.C. 1997) ("The statutory procedure of
12   Section 848(q)(4)(B) presupposed that the petitioner has a present right to file a Section 2254
13   post-conviction proceeding.  This normally occurs when state post-conviction proceedings
14   have been exhausted.").

15   Although his motion does not expressly request that federal habeas counsel be
16   authorized to litigate claims in state court, to the extent this is Petitioner's intent, the Court
17   declines to appoint counsel for this purpose.  Petitioner cites no authority, and the Court has
18   found none, that permits a federal court to appoint counsel under § 3599(a)(2) for the purpose
19   of investigating, identifying, and exhausting claims in state court in the first instance.
20   Indeed, those courts that have addressed the issue overwhelmingly agree that Congress did
21   not intend federal resources to be used in this manner.  *House v. Bell*, 332 F.3d 997, 998-99
22   (6th Cir. 2003); *King v. Moore*, 312 F.3d 1365, 1366 (11th Cir. 2002); *Sterling v. Scott*, 57
23   F.3d 451, 455-58 (5th Cir. 1995); *Hill v. Lockhart*, 992 F.2d 801, 803-04 (8th Cir. 1993).

24   The Court concludes that appointment of federal habeas counsel for the purpose of
25   preparing an amended habeas petition prior to completion of state PCR proceedings would
26   be premature.  In addition, the Court declines to appoint federal habeas counsel to investigate
27   and present claims in state court prior to completion of Petitioner's initial state PCR
28   proceeding.  Accordingly, Petitioner's motion is denied.

1

**III.    Stay and Abeyance**

Petitioner has also requested that this Court hold his incomplete petition in abeyance pending conclusion of state PCR proceedings.  The Court finds that it would benefit from a response by Respondents before ruling on this motion.  The Court does not at this time require a reply to the response.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Application for Appointment of Federal Habeas Corpus Counsel (Dkt. 4) is **DENIED WITHOUT PREJUDICE** to refiling following conclusion of state PCR proceedings.

**IT IS FURTHER ORDERED** that within 20 days after receipt of this Order, Respondent shall file a response to Petitioner's Motion for Stay and Abeyance of Habeas Corpus Proceedings and shall *also* address: (1) Whether equitable tolling of the § 2244(d)(1)(A) statute of limitations should apply to the time period between the conclusion of Petitioner's direct review and the initiation of his PCR proceedings; and (2) Whether, if Petitioner's petition is dismissed without prejudice, a finding of equitable tolling in the instant matter is binding if and when Petitioner files a new federal habeas petition following the conclusion of his state PCR proceedings.

**IT IS FURTHER ORDERED** that the Arizona Attorney General file a notice of appearance within ten days after receipt of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court send a copy of this Order to Kent Cattani, Assistant Arizona Attorney General, and to Petitioner Frank Winfield Anderson, ADOC No. 136521, Arizona State Prison - Eyman/SMU II, P. O. Box 3400, Florence, AZ 85232.

DATED this 15th day of November, 2006.

Cindy K. Jorgenson
United States District Judge