**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Frank Winfield Anderson, | ) | No. CV-06-2304-PHX-CKJ |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Dora Schriro, Director, Arizona Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Respondent has filed a motion for extension of time to respond to Petitioner's motion for stay and abeyance and a motion to replace this extension motion with a substitute motion. The Court will grant the motions but notes that withdrawal of the mandate from Petitioner's state court appeal will likely not moot Petitioner's limitations issue.  As stated by the Court in its November 22, 2006 order, the Supreme Court observed in *Clay v. United States*, 537 U.S. 522, 527, 531 (2003), that finality for purposes of 28 U.S.C. § 2244(d)(1)(A) is determined by reference to a uniform federal rule – either when the Court denies a petition for certiorari or issues a decision on the merits, or when the time for seeking certiorari expires.  Thus, it appears that state law rules governing finality (such as issuance of a mandate) are irrelevant for determining the trigger date for the AEDPA's one-year statute of limitations.

Based on the foregoing,

1    **IT IS ORDERED** that Respondent's Motion to Replace Motion for Extension of

2 Time (Dkt. 11) is **GRANTED**.  The Clerk of Court shall terminate the motion filed as

3 document number 10 as withdrawn by Respondent.

4    **IT IS FURTHER ORDERED** that Respondent's motion to extend time to file a

5 response to Petitioner's motion for stay and abeyance of habeas corpus proceedings (Dkt. 11)

6 is **GRANTED**.  No later than **January 12, 2007**, Respondent shall file a response to

7 Petitioner's Motion for Stay and Abeyance of Habeas Corpus Proceedings and shall *also*

8 address: (1) Whether equitable tolling of the § 2244(d)(1)(A) statute of limitations should

9 apply to the time period between the conclusion of Petitioner's direct review and the

10 initiation of his PCR proceedings; and (2) Whether, if Petitioner's petition is dismissed

11 without prejudice, a finding of equitable tolling in the instant matter is binding if and when

12 Petitioner files a new federal habeas petition following the conclusion of his state PCR

13 proceedings.

14    DATED this 29th day of December, 2006.

15

16

17

18    _____
      Cindy K. Jorgenson
19    United States District Judge

20

21

22

23

24

25

26

27

28